**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION**

| | | |
|---|---|---|
| AARON KIM, individually and on behalf of a class of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. 06C 1585 |
| v. | ) ) | Judge Kennelly |
| RISCUITY, INC., a Delaware Corporation, | ) ) ) | Jury Trial Demanded |
| Defendant. | ) | Magistrate Judge Mason |

**RISCUITY, INC.'S ANSWER
TO CLASS ACTION COMPLAINT**

Riscuity. Inc. ("Riscuity") by and through its counsel, McGuireWoods LLP, hereby states

its Answer and Affirmative Defenses to Plaintiff's Complaint.

1.    The Court has original jurisdiction over Count II of the complaint pursuant to 28 U.S.C. § 1331, because it arises under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (the "FDCPA"). The Court has supplemental jurisdiction over the remainder of this action pursuant to 28 U.S.C. § 1367(a), because all other claims are so related to the FDCPA claim that they form part of the same case or controversy under Article III of the United States Constitution.

**Answer:**    Taking Plaintiff's other allegations as true, Riscuity admits that

jurisdiction is proper in this Court.

2.    Additionally, the Court has original jurisdiction over this complaint pursuant to 28 U.S.C. § 1332(d) because (a) at least one member of the putative class is a citizen of a state different from Defendant and (b) the amount in controversy exceeds $5,000,000, exclusive of interests and costs.

**Answer:**    Riscuity denies that the amount in controversy here exceeds

$5,000,000, exclusive of interest and costs and therefore denies that the Court has original

jurisdiction pursuant to 28 U.S.C. § 1332(d).

3.    Venue is proper in this district under 28 U.S.C. §§ 1391(b).

**Answer:** Taking Plaintiff's other allegations as true, Riscuity admits that

venue is proper in this Court.

4. Defendant Riscuity is a national company that purchases debt from businesses, including Bally Total Fitness Corp. ("Bally") and Crunch Fitness International, Inc. ("Crunch") and then attempts to collect those debts from consumers.

**Answer:** Riscuity admits that it has serviced debt owed to Bally and Crunch

and has attempted to collect those debts from consumers. Riscuity denies the remaining

allegations of Paragraph 4.

5. However, with respect to the "debt" arising out of Bally and Crunch health club membership contracts, the underlying contracts violate, *inter alia,* the prohibition on long-term health club contracts contained in section 8(b) of the Illinois Physical Fitness Services Act, 815 ILCS 645/1 *et seq.,* and thus are rendered "void and unenforceable" by section 9(c) of the Act.

**Answer:** Riscuity is without knowledge or information sufficient to form a

belief as to the truth of the averments of Paragraph 5 because it lacks sufficient information

regarding the underlying contracts that are the focus of Plaintiff's lawsuit. Riscuity therefore

denies the allegations of Paragraph.

6. Defendant has continued to enforce these contracts even in the face of an Illinois Appellate Court decision leaving little doubt as to their unenforceability.

**Answer:** Riscuity states that since it received service of Plaintiff's lawsuit, it

has ceased attempting to collect on Plaintiff's debt. Riscuity further states that Plaintiff presents

a questionable—if not misleading—argument to the Court regarding *Pulcini v. Bally Total*

*Fitness Corporation*, given that the Illinois Appellate Court's decision there merely overturned

and remanded a trial court's dismissal of a plaintiff's lawsuit claiming a violation of the IPFSA.

The *Pulcini* court simply found that the plaintiff's complaint stated allegations sufficient to

overcome Bally's motion to dismiss. Riscuity denies the remaining allegations of Paragraph 6.

7. In order to redress defendant's wrongful conduct, Kim brings suit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA"), the Illinois Collection

Agency Act, 225 ILCS 425/1 *et seq.* ("ICAA*")*, and the Illinois Consumer Fraud and Deceptive Business Practices Act 815 ILCS 505/1 *et seq.*, ("ICFA"), and seeks a declaration that the health club contracts purchased by Defendant are void and unenforceable, an injunction requiring Defendant to cease all collection activity related to such contracts, an award of actual and statutory damages to the class members together with costs and reasonable attorney's fees.

     **Answer:**     Riscuity admits that Plaintiff brings suit under the FDCPA, the

ICAA, and the ICFA. Riscuity further admits that Plaintiff seeks declaratory relief, an

injunction, an award of actual and statutory damages, together with costs and reasonable

attorney's fees. Riscuity specifically denies that it purchased health club contracts. Riscuity

denies the remaining allegations of Paragraph 7.

     8.     Kim is a citizen of Illinois.

     **Answer:**     Riscuity is without knowledge or information sufficient to form a

belief as to the truth of the averments of Paragraph 8.

     9.     Riscuity is a Delaware corporation with its principal place of business in Georgia. Although it does business throughout Illinois, it is not registered to do so.

     **Answer:**     Riscuity admits that it is a Delaware corporation with its principal

place of business in Georgia. Riscuity further states that it does business in Illinois through

Riscuity Asia, Inc., a related entity, which is registered to do business in Illinois.

     10.     On information and belief, Riscuity's principal purpose is buying consumer debt from companies such as Bally and Crunch and attempting to collect on such debt, either on its own or through its agents. As such, it is a "debt collector" as defined by the FDCPA and a "collection agency" as defined by the ICAA.

     **Answer:**     Riscuity admits that it has serviced consumer debt owed to Bally

and Crunch and has attempted to collect on such debt. Riscuity further admits that it is a "debt

collector" as defined by the FDCPA. Riscuity denies the remaining allegations of Paragraph 10.

     11.     Bally and Crunch are, or until recently were, both subsidiaries of Bally Total Fitness Holding Corp. They each operate a chain of health and fitness clubs located throughout Illinois.

     **Answer:**     Riscuity is without knowledge or information sufficient to form a

belief as to the truth of the averments of Paragraph 11.

12.     As one of their primary membership options, Bally and Crunch sell health club membership contracts that, although purporting to last only one month, effectively bind consumers to pay for three years of services.

> **Answer:**     Riscuity is without knowledge or information sufficient to form a
belief as to the truth of the averments of Paragraph 12.

13.     These contracts are structured as follows: Members are charged a "membership fee," costing as much as thousands of dollars. Payment of this fee is then spread over a 36-month period, while at the same time members are required to pay nominal "monthly dues" for 36 months of as little as $4.00.

> **Answer:**     Riscuity is without knowledge or information sufficient to form a
belief as to the truth of the averments of Paragraph 13.

14.     Section 8(b) of the Physical Fitness Services Act limits the "initial term of services" under health club contracts to a maximum of two years. The provision then goes on to forbid precisely the tactic that Bally's and Crunch's contracts use to circumvent this restriction. Specifically, the Act states that, for contracts with initial terms of less than two years, renewals are allowed, but only so long as the charges for renewals are "reasonable consideration *not less than 10%* of the cash price of the original membership." 815 ILCS 645/8(b) (emphasis supplied).

> **Answer:**     Riscuity admits that Plaintiff has accurately quoted from part of
Section 8(b) of the IPFSA, but denies any liability thereunder.  Riscuity states that it is without
knowledge or information sufficient to form a belief as to the truth of the averments regarding
whether Bally's and Crunch's contracts violated the terms of the IPFSA and therefore denies
Paragraph 14's allegations that those contracts violated the terms of the IPFSA.

15.     In blatant violation of this provision, Bally and Crunch sell virtually identical form contracts that have a stated initial term of one month and are renewable for 36 months for a monthly amount well under 10% of the price for original membership -- often less than *one-half of one percent* of that price. Consequently, the buyer has no significant cancellation option for 36 months.

> **Answer:**     Riscuity is without knowledge or information sufficient to form a
belief as to the truth of the averments of Paragraph 15.

16.     Further, under section 4 of the Physical Fitness Services Act, every health club

contract must be in writing and must include "[a]ll provisions, requirements and prohibitions which are mandated by this Act . . . before it is signed by the customer." Bally's and Crunch's form contracts, however, violate the Physical Fitness Act also because they do not, *inter alia*, recite the Act's prohibitions on contracts with initial terms longer than two years and renewals of less than 10% of the cost of the initial membership.

         **Answer:**      Riscuity admits that Plaintiff has accurately quoted from part of Section 4 of the IPFSA, but denies any liability thereunder. Riscuity states that it is without knowledge or information sufficient to form a belief as to the truth of the specific averments of Paragraph 16 regarding whether Bally's and Crunch's contracts conformed to the IPFSA's requirements.

       17.    By virtue of each of these violations under section 9(c) of the Physical Fitness Act, Bally's and Crunch's contracts are therefore "void and unenforceable."

         **Answer:**      Riscuity is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 17.

       18.    Riscuity periodically purchases consumer "debt" arising out of such form contracts, either directly or indirectly, from Bally and, on information and belief, Crunch.

         **Answer:**      Riscuity denies the allegations of Paragraph 18.

       19.    Despite the fact that the underlying health club membership contracts are "void and unenforceable," Riscuity routinely sends out debt collection letters, makes phone calls demanding payments, and otherwise seeks to enforce the underlying contracts.

         **Answer:**      Riscuity is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 19 regarding whether the underlying health club contracts are void and unenforceable. Riscuity admits that it has sent out debt collection letters, has made phone calls demanding payment, and has otherwise sought to collect debt originally owed to Bally that was subsequently serviced by Riscuity. Riscuity states that since it received service of Plaintiff's lawsuit, it has ceased attempting to collect on Plaintiff's debt. Riscuity denies the remaining allegations of Paragraph 19.

       20.    Indeed, Riscuity has continued their illegal collection practices in the face of a

recent court decision, *Pulcini v. Bally Total Fitness Corp.,* 353 Ill. App. 3d 712. 820 N.E.2d 31 (1ˢᵗ Dist. 2004), *appeal denied,* 214 Ill.2d 551, 830 N.E.2d 9 (2004), which left little doubt that the underlying contracts are illegal.

> **Answer:** Riscuity denies that its collection practices are illegal. Riscuity further states that Plaintiff presents a questionable—if not misleading—argument to the Court regarding *Pulcini v. Bally Total Fitness Corporation*, given that the Illinois Appellate Court's decision there merely overturned and remanded a trial court's dismissal of a plaintiff's lawsuit claiming a violation of the IPFSA. The *Pulcini* court simply found that the plaintiff's complaint stated allegations sufficient to overcome Bally's motion to dismiss. Riscuity further states that since it received service of Plaintiff's lawsuit, it has ceased attempting to collect on Plaintiff's debt. Riscuity denies the remaining allegations of Paragraph 20.

21. On or about November 20, 2002, Kim signed up for a membership at a health club owned and operated by Bally. A copy of his contract is attached hereto as Exhibit A.

> **Answer:** Taking Plaintiff's allegations as true (and noting that Plaintiff's Exhibit A only attaches Pages 1 and 3 of the 4-Page contract), Riscuity admits the allegations of this paragraph.

22. Under the terms of the "contract," Kim was obligated to pay a "Membership Fee" of over $1,530.00, consisting of a $100.00 up-front payment due immediately, with the remaining amount to be financed and paid off in equal monthly installments over the next 36 months. Kim was further obligated to pay nominal monthly dues of $6.00 - well under 10% of the cash price of the original membership.

> **Answer:** Riscuity is without knowledge or information sufficient to form a belief as to the truth of the averments of Paragraph 22.

23. According to Riscuity, at some point subsequent to November 20, 2002, Kim stopped making payments under the contract, after which Bally judged his account to be in default and sent it to collections.

> **Answer:** Riscuity admits that it appears that Plaintiff stopped making payments on his Bally contract, that Bally therefore judged his account to be in default, and that

Bally sold the debt. Riscuity denies the remaining allegations of Paragraph 23.

24.     In 2006, Riscuity, through its agent Riddle & Associates, P.C., sent Kim one or more notices that Riscuity had purchased his Bally contract and that the Riscuity was attempting to collect on his debt. A copy of one of these notices is attached hereto as Exhibit B.

     **Answer:**     Riscuity admits that it retained Riddle & Associates, P.C.

("Riddle") to collect on Kim's debt and that in 2006 Riddle sent a letter to Kim regarding that

collection effort. Riscuity admits that a copy of that letter is attached as Exhibit B to the

Complaint. Riscuity denies the remaining allegations of Paragraph 24.

25.     Riscuity currently claims that Kim owes approximately $1,200.00 – consisting of principal and significant interest.

     **Answer:**     Riscuity admits that it claims that Plaintiff owes approximately

$1200 on his Bally debt, consisting of principal and interest. Riscuity denies the remaining

allegations of Paragraph 25.

26.     Kim brings this action, pursuant to FRCP 23(b)(3) and FRCP 23(b)(2), on behalf of a class (the "Class") consisting of himself and all others who entered into purported physical fitness contracts for membership in an Illinois Bally or Illinois Crunch health club where the contract states that it is a one-month contract, renewable with discounted monthly dues for more than 24 months, where the dues for each such month are less than 10% of the cash price of the original membership, and who, within five years prior to the filing of this lawsuit, received a communication from Riscuity, or an agent of Riscuity, attempting to collect on a claimed debt arising from such contract. (For purposes of Count II, the class period begins on November 6, 2004.)

     **Answer:**     Riscuity admits that Plaintiff styles this lawsuit as one brought

under Rule 23 of the Federal Rules of Civil Procedure. Riscuity denies that there are other

individuals similarly situated to Plaintiff and otherwise denies that the lawsuit meets the criteria

necessary to be certified to proceed as a class action under Rule 23. Riscuity denies the

remaining allegations of Paragraph 26.

27.     Upon information and belief, the members of the Class number in the thousands, such that joinder of all members is impracticable.

     **Answer:**     Riscuity is without knowledge or information sufficient to form a

belief as to the truth of whether the proposed class is so numerous that joinder of all members is

impracticable. Riscuity denies the remaining allegations of Paragraph 27.

28.　Common questions of law and fact exist as to all members of the Class and predominate over questions affecting individual members. Common questions for the Class include:

　　(a)　Do the underlying physical fitness contracts violate the Physical Fitness Services Act by pricing contract renewals at less than 10% of the price of each original membership?
　　(b)　Do such violations of the Physical Fitness Act render the contracts void?
　　(c)　Is Riscuity committing consumer fraud by attempting to enforce void contracts?

　　**Answer:**　Riscuity denies the allegations in Paragraph 28, including all

subparts.

29.　Kim will fairly and adequately protect the interests of the Class, his claims are typical of the claims of the class, and he has retained counsel competent and experienced in class action litigation.

　　**Answer:**　Riscuity admits that Plaintiff has retained counsel experienced and

competent in the prosecution of class action litigation, but denies the remaining allegations of

Paragraph 29.

30.　A class action is superior to other available methods for fairly and efficiently adjudicating this controversy because, among other things, (a) joinder of all members of the respective classes is impracticable, and (b) many members of the classes cannot vindicate their rights by individual suits because their damages are small relative to the burden and expense of litigating individual actions.

　　**Answer:**　Riscuity denies the allegations of Paragraph 30.

## COUNT I
### (Declaratory Judgment)

31.　Kim incorporates by reference the foregoing allegations.

　　**Answer:**　Riscuity incorporates its answers to Paragraphs 1 through 30 as

though fully stated herein.

32.　By virtue of violations of the Physical Fitness Services Act in the Bally and

Crunch contracts, the contracts purchased by Defendant are void and unenforceable. 815 ILCS 649/9(c).

**Answer:** Riscuity does not respond to Paragraph 32 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

33. Despite this, Defendant continues to attempt to enforce the contracts.

**Answer:** Riscuity does not respond to Paragraph 33 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

34. Accordingly, there is an actual controversy between the parties, requiring a declaratory judgment.

**Answer:** Riscuity does not respond to Paragraph 34 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

**COUNT II**
**(Violation of the FDCPA)**

35. Kim incorporates by reference the foregoing allegations.

**Answer:** Riscuity incorporates its answers to Paragraphs 1 through 34 as though fully stated herein.

36. The FDCPA, 15 U.S.C.A. § 1692e, prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" including:

    A.    misrepresenting "the character, amount, or legal status of any debt";
    B.    "[c]ommunicating or threatening to communicate to any person credit information which is known or which should be known to be false"; and
    C.    using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."

**Answer:** Riscuity admits that Plaintiff has accurately quoted from part of the FDCPA, but denies any liability thereunder.

37.     The FDCPA, 15 U.S.C.A. § 1692f, further provides that "[a] debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt," including collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."

        **Answer:**     Riscuity admits that Plaintiff has accurately quoted from part of the

FDCPA, but denies any liability thereunder.

38.     Defendant has violated, and continues to violate, the foregoing provisions of the FDCPA by trying to collect, and in fact collecting, on amounts not legally owed, and upon information and belief, by communicating false information (*i.e.*, that a debt was in fact owed) to credit reporting agencies.

        **Answer:**     Riscuity denies the allegations of Paragraph 38.     Riscuity

specifically states that since it received service of Plaintiff's lawsuit, it has ceased attempting to

collect on Plaintiff's debt and has never contacted credit reporting agencies regarding Kim's

debt.

39.     As a result of Defendant's illegal conduct, Kim and the members of the Class have suffered actual damages, including being charged money not legally owed and/or having their credit scores damaged.

        **Answer:**     Riscuity denies the allegations of Paragraph 39.

## COUNT III
## (Violation of the ICAA)

40.     Kim incorporates by reference the foregoing allegations.

        **Answer:**     Riscuity incorporates its answers to Paragraphs 1 through 39 as

though fully stated herein.

41.     The ICAA, 225 ILCS 425/9, states that "[n]o debt collector while collecting or attempting to collect a debt shall engage in any of the Acts specified in this Section, each of which shall be unlawful practice."

        **Answer:**     Riscuity does not respond to Paragraph 41 as it is the subject of a

separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative

Defenses.

42. Under the ICAA, such unlawful practices include:

    (a)    "Disclosing or threatening to disclose information concerning the existence of a debt which the debt collector knows to be reasonably disputed by the debtor without disclosing the fact that the debtor disputes the debt";

    (b)    "Attempting or threatening to enforce a right or remedy with knowledge or reason to know that the right or remedy does not exist"; and

    (c)    "Collecting or attempting to collect any interest or other charge or fee in excess of the actual debt or claim unless such interest or other charge or fee is expressly authorized by the agreement creating the debt or claim unless expressly authorized by law or unless in a commercial transaction such interest or other charge or fee is expressly authorized in a subsequent agreement."

**Answer:** Riscuity does not respond to Paragraph 42 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

43. Defendant has violated, and continues to violate, the foregoing provisions of the ICAA by trying to collect, and in fact collecting, on amounts not legally owed and, on information and belief, by communicating false information (*i.e.*, that a debt was owed) to credit reporting agencies.

**Answer:** Riscuity does not respond to Paragraph 43 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

44. As a result of Defendant's illegal conduct, Kim and the members of the Class have suffered actual damages, including being charged money not legally owed and/or having their credit scores damaged.

**Answer:** Riscuity does not respond to Paragraph 44 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

## COUNT IV
### (Violation of the ICFA)

45. Kim incorporates by reference the foregoing allegations.

**Answer:**    Riscuity incorporates its answers to Paragraphs 1 through 44 as though fully stated herein.

46.    The Consumer Fraud Act prohibits "unfair or deceptive acts or practices." 815 ILCS 505/2.

**Answer:**    Riscuity does not respond to Paragraph 46 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

47.    Defendants enforcement, and attempt to enforce, contracts declared "void and unenforceable" by the Physical Fitness Act, and, on information and belief, their reporting of supposedly delinquent accounts to credit reporting agencies, constitutes an unlawful practice under the Consumer Fraud Act. 815 ILCS 505/2Z.

**Answer:**    Riscuity does not respond to Paragraph 47 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

48.    This conduct is materially deceptive, and Defendant intended that the members of the Class would rely upon it.

**Answer:**    Riscuity does not respond to Paragraph 48 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

49.    A reasonable person would be deceived by this conduct, and Kim and the members of the Class were in fact deceived.

**Answer:**    Riscuity does not respond to Paragraph 49 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

50.    Defendant's illegal conduct resulted in actual damages proximately caused by that conduct, to each member of the Class.

**Answer:**    Riscuity does not respond to Paragraph 50 as it is the subject of a

separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

51.     Defendant's conduct involves trade practices that were directed to the market generally and otherwise implicate consumer protection concerns.

**Answer:**      Riscuity does not respond to Paragraph 51 as it is the subject of a separate Motion to Dismiss filed by Riscuity concurrently with its Answer and Affirmative Defenses.

## RISCUITY'S AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a claim for which relief can be granted.

### Second Affirmative Defense

Some or all of Plaintiff's causes of action are time-barred under the applicable statutes of limitation and/or statutes of repose.

### Third Affirmative Defense

Plaintiff lacks standing to bring some or all of the claims in the Complaint.

### Fourth Affirmative Defense

Plaintiff has failed to allege fraud with particularity as required by Rule 9(b) of the Federal Rules of Civil Procedure.

### Fifth Affirmative Defense

Plaintiff has sustained no damages.

### Sixth Affirmative Defense

Plaintiff's and proposed class members' claims are moot because their underlying contracts have lapsed or expired.

### Seventh Affirmative Defense

Any recovery against Riscuity must be reduced to the extent that Plaintiff has failed to mitigate, minimize or avoid his claimed damages.

### Eighth Affirmative Defense

Plaintiff has suffered no damages specifically because Riscuity has ceased attempting to collect debts related to Bally debt in Illinois.

### Ninth Affirmative Defense

Plaintiff is not entitled to injunctive or declaratory relief because Riscuity has ceased attempting to collect debts related to Bally debt in Illinois.

### Tenth Affirmative Defense

The proposed class defined in Plaintiff's Complaint is overbroad, unmanageable and predominated by individualized legal and factual issues, the result of which should be to deny certification of any proposed class.

Riscuity reserves its right to amend its affirmative defenses and to assert additional affirmative defenses hereafter.

**WHEREFORE**, Defendant Riscuity, Inc., having answered the allegations of Plaintiff's Complaint and having set forth its affirmative defenses thereto, respectfully requests this Court to enter judgment with costs against Plaintiff and in favor of Riscuity, Inc.

Dated: June 15, 2006

Respectfully submitted,

**RISCUITY, INC.**
*Defendant*


By: /s Michael R. Lieber

David L. Hartsell
Michael R. Lieber
McGuireWoods, LLP
77 West Wacker Drive
Suite 4400
Chicago, IL 60601
(312) 849-8100

## CERTIFICATE OF SERVICE

I, Michael R. Lieber, certify that on June 15, 2006, I caused a copy of the Answer to be

served by placing a copy in the United States Mail, first-class postage prepaid, to the following:

>Gino L. DiVito
>Tabet DiVito & Rothstein LLC
>209 S. LaSalle Street, 7th Floor
>Chicago, IL 60604
>(312) 762-9460
>
>John Blim
>Jay Edelson
>Blim & Edelson. LLC
>53 West Jackson Blvd.. Ste. 1642
>Chicago. Illinois 60604
>(312) 913-9400

>__/s Michael R. Lieber_____
>Michael R. Lieber

4014337