IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| AARON KIM, individually and on behalf of similarly situated individuals, | ) ) ) | |
| Plaintiff, | ) ) | No. 06 C 1585 |
| v. | ) ) | |
| RISCUITY, INC, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Plaintiff Aaron Kim brings this action on behalf of himself and all others similarly situated, requesting a declaratory judgment the contracts signed between the class members and Bally Total Fitness Corp. or Crunch Fitness International Inc. void and unenforceable for violating the Illinois Physical Fitness Services Act (IPFSA), 815 ILCS 645/8(b), 9(c). Kim also claims Riscuity violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692e, 1692f; the Illinois Collection Agency Act (ICAA), 225 ILCS 425/9; and the Illinois Consumer Fraud Act (ICFA), 815 ILCS 505/2Z. Kim's complaint against Riscuity arises from the contracts that he and the putative class members signed with Bally or Crunch. Riscuity allegedly purchased these contracts from Bally or Crunch to collect amounts that were due. Kim claims that Riscuity violated the FDCPA, ICAA, and ICFA in the collection process.

Riscuity has moved to dismiss Counts 1, 3, and 4 for failure to state a claim upon which relief can be granted. For the reasons stated below, the Court grants the motion as to Count 4 but denies it as to Counts 1 and 3.

**Facts**

On or about November 20, 2002, Kim entered a health club membership contract with Bally. The contract required payment of an initial membership fee of $1,530, which Bally financed over a period of three years. Complaint Ex. A. Kim made monthly payments on the membership fee along with monthly membership dues payments of $6. *Id*. The Illinois Appellate Court recently held that this type of contract gave rise to a cause of action under the IPFSA. *See Pulcini v. Bally Total Fitness Corp.*, 353 Ill. App. 3d 712, 717-18, 820 N.E.2d 31, 35-6 (2004). The *Pulcini* court said that the contract violated section 8(b) of the IPFSA because the plaintiffs' monthly membership fees were less than ten percent of the initial membership cost. *Id*.

In 2006, after Kim stopped making payments on his Bally contract, he received a letter from Riddle and Associates, a law firm retained by Riscuity, attempting to collect on the Bally debt. Complaint Ex. B. Kim alleges that Riscuity damaged his credit score by way of its collection efforts. Kim further alleges that Riscuity made attempts to collect the debt knowing the membership contracts were invalid.

**Discussion**

The Court may grant a 12(b)(6) motion only if it appears beyond a doubt that no relief can be granted consistent with any set of proved facts consistent with the allegations. *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002). When considering a motion to dismiss, the Court

takes the facts alleged and any reasonable inferences in the light most favorable to the plaintiff. *Bontkowski v. First Nat'l Bank of Cicero*, 998 F.2d 459, 461 (7th Cir. 1993).

## I. Count 1 - Declaratory Judgment

Riscuity asks the Court to dismiss Count 1 on the grounds that the FDCPA does not allow a private action for injunctive relief and that there is no actual controversy because Bally is not a party to this case and Riscuity is no longer attempting to collect Kim's debt. Kim argues that he is requesting injunctive and declaratory relief under the IPFSA, not the FDCPA, and that there is an actual controversy regarding Riscuity's compliance with the former statute.

The Court agrees with Kim. In his complaint, Kim unequivocally states that the basis of his request for injunctive and declaratory relief is the IPFSA, not the FDCPA. *See* Complaint ¶ 32. There is nothing in the IPFSA that precludes an individual from bringing an action for injunctive relief. Thus, Kim properly states a request for injunctive relief.

To maintain a claim for a declaratory judgment, Kim must allege an actual controversy between himself and Riscuity. *See* 28 U.S.C. § 2201. Kim sufficiently does so. Specifically, he alleges that Riscuity purchases consumer debt contracts similar to the one Kim entered with Bally, Complaint ¶ 18, these contracts are void under law, *id*. ¶ 20, and Riscuity attempts to collect on these invalid contracts, *id*. ¶ 19. Kim also alleges that in 2006, Riscuity was attempting to collect on his alleged debt. *Id*. ¶ 24. These facts, if proven, show an actual controversy between Kim and Riscuity. Riscuity's assertions that it is no longer attempting to collect on Kim's debt are misplaced in a motion to dismiss for failure to state a claim.

## II. Count 3 - ICAA violation

Riscuity contends that the Court should dismiss Count 3, Kim's ICAA claim, on the grounds that Kim has not alleged he suffered any actual damages; Riscuity is not a collection agency within the meaning of the ICAA; and the ICAA does not allow a private right of action.

### A. Plaintiff's Allegations of Damages

The Court does not find Riscuity's first argument convincing. Kim sufficiently alleges that he has suffered actual damage by having his credit score damaged by Riscuity's actions. Specifically, in paragraph 44 of the Complaint, Kim alleges that "[a]s a result of Defendant's illegal conduct, Kim and the members of the Class have suffered actual damages, including being charged money not legally owed and/or having their credit scores damaged." Complaint ¶ 44. Kim does not allege specific facts, but he is not required to do so. To survive a motion to dismiss for failure to state a claim, the complaint need only lay a reasonable foundation upon which the plaintiff can prove the allegations. *Swierkiewicz*, 534 U.S. at 514.

### B. Riscuity as an ICAA Collection Agency

Riscuity's second argument is also not persuasive. The ICAA defines a collection agency as "any person, association, partnership, or corporation who, for compensation, either contingent or otherwise, or for other valuable consideration, offers services to collect an alleged delinquent debt." 225 ILCS 425/2.02. The ICAA further provides that a person or corporation acts as a collection agency when it "(a) engages in the business of collection for others of any account bill or other indebtedness; (b) receives, by assignment or otherwise, accounts, bills, or other indebtedness . . . (d) buys accounts, bills or other indebtedness with recourse and engages in collecting the same." 225 ILCS 425/3.

4

Kim alleges that Riscuity purchased debt directly or indirectly from two health clubs operating in Illinois and made attempts to collect that debt. Complaint ¶¶ 18, 19. These allegations, if proven true, would establish that Riscuity is a collection agency as defined by the ICAA. *See People ex ral. Daley v. Datacom Sys. Corp.*, 146 Ill. 2d 1, 22, 585 N.E.2d 51, 60 (1992).

### C. Private Right of Action under the ICAA

Riscuity's final argument regarding Kim's ICAA claim is that there is no private right of action under the Act. In support of this contention, Riscuity cites a Northern District of Illinois decision, *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 752 n.16 (N.D. Ill. 2003), in which the court stated, in *dictum,* that there may not be a private right of action under the ICAA. That discussion, however, is not binding on this Court. A review of Illinois case law convinces us that there is an implied private right of action under the ICAA. *See Sherman v. Field Clinic*, 74 Ill. App. 3d 21, 30, 392 N.E.2d 154, 161 (1979). *See also Sawyer Realty Group, Inc. v. Jarvis Corp.*, 89 Ill. 2d 379, 386, 432 N.E.2d 849, 852 (1982) (agreeing with the rationale in *Sherman* that a private right of action can be implied without specific legislative intent if a private right of action achieves the underlying purpose of the Act). *Accord, Trull v. GC Serv. Ltd. P'ship*, 961 F. Supp. 1199, 1206-07 (N.D. Ill. 1997).

The Court finds unconvincing Riscuity's argument that we should not follow *Sherman*. *Sherman* discusses five factors supporting its conclusion that there is a private right of action under the ICAA. These factors are whether the alleged action contravenes Illinois public policy, whether the plaintiff is within the class of individuals the statute is designed to protect, whether the injury alleged is within the range of injuries the statute is designed to protect, whether there is

5

a need for a civil action for damages under the statute, and whether the statute limits the remedies available. *Sherman*, 74 Ill. App. 3d at 29-30, 392 N.E.2d at 161. Riscuity contends only that Kim has not met the third and fourth factors. The Court will address all five.

Taking Kim's allegations as true, as this Court must do at this stage of the case, he has clearly met the first, second and fifth factors. Specifically, the ICAA states it is "the public policy of this State to protect consumers against debt collection abuse." 225 ILCS 425/1a. Kim has alleged a practice against the stated public policy of Illinois, and he is within the class of individuals the legislature designed the statute to protect. Further, nothing in the Act indicates a limit to the remedies available. *See Sherman*, 74 Ill. App. 3d at 30, 392 N.E.2d at 161.

With regard to the third factor, Kim alleges an injury the statute is designed to protect, specifically, damage to his credit score. *See* Complaint ¶ 44; 425 ILCS 425/9(a)(13). To survive a Rule 12(b)(6) motion, Kim is not required to plead specifically how his credit score has been damaged.

Riscuity also contends that Kim has not met the fourth factor – the need to imply a private right of action under the ICAA – because his complaint also asserts a claim under the FDCPA. Riscuity argues that because Kim has raised a FDCPA claim, he does not need to bring an action under the ICAA to have a remedy. This misses the point of the fourth *Sherman* factor. *Sherman* states that an implied right of action will be implied when the *particular* statute does not provide adequate protection for individuals and there is no specific bar to private rights of action. *Sherman*, 74 Ill. App. 3d at 30, 392 N.E.2d at 161. Nowhere does *Sherman* state that the ability to bring an action under a different statute bars a private right of action. In fact, in *Trull*, the

6

court allowed the plaintiff to bring an action under both the FDCPA and the ICAA, as Kim has done here. *Trull*, 961 F. Supp. 1199 (dismissed on other grounds).

### III. Count 4 - ICFA Claim

Kim's contention that Riscuity violated the ICFA is based on an alleged underlying violation of the IPFSA. Riscuity argues that the Court should dismiss Kim's ICFA claim for four reasons. Because we agree with Riscuity's first argument, we need not reach the other three.

Riscuity contends that Kim's ICFA claim is deficient because Kim does not allege Riscuity knowingly violated the IPFSA. Section 2Z of the ICFA enumerates fourteen other Illinois statutes, including the IPFSA, that if knowingly violated constitute an unlawful practice within the meaning of the ICFA. *See* 815 ILCS 505/2Z. It is under this provision that Kim claims Riscuity violated the ICFA. Complaint ¶ 47. Kim's claim fails, however, because he does not allege that Riscuity *knowingly* violated the IPFSA. Though "mere vagueness or lack of detail alone does not constitute sufficient grounds to dismiss a complaint," *Lomas Mortg. U.S.A., Inc. v. W.E. O'Neill Const.*, 812 F. Supp. 841, 843 (N.D. Ill. 1993), the complaint still must allege the elements necessary to sustain a claim for relief. *Swierkiewicz*, 534 U.S. at 514. Kim's complaint fails because he does not allege a material element for the ICFA claim. Under the provision of the ICFA relied upon by Kim, without a knowing violation of the IPFSA, there is no violation of the ICFA.

### Conclusion

For the reasons stated above, the Court grants Riscuity's motion to dismiss as to Count 4

but otherwise denies the motion [docket no. 13].

_____
MATTHEW F. KENNELLY
United States District Judge

Date: July 31, 2006